THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE LEE KENNEL, Defendant-Appellant.

(No. 71-171;

Fifth District—November 8, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Willie Lee Kennel, *pro se.*

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Willie Lee Kennel, was indicted by the grand jury of St. Clair County for the offense of burglary. At an ensuing trial before a jury the defendant was found guilty of that offense and subsequently sentenced to the Illinois State Penitentiary for an indeterminate term of not less than five nor more than ten years. The defendant has brought this appeal from that judgment.

Counsel for the defendant has filed a brief and argument on behalf of the defendant wherein the sole issue presented for review is whether the sentence imposed was excessive. The State's Attorney for St. Clair County has filed an answer to that brief and argument.

The defendant has also filed another brief and argument *pro se.* No answer has been filed in regard to the *pro se* brief. A thorough review has been made of the points raised in the defendant's *pro se* brief and we find them without merit.

■■ In regard to the issue raised in the brief of the defendant's counsel the record reveals that subsequent to the jury's verdict a hearing was held before the court apparently for the purpose of hearing evidence in mitigation and aggravation of sentence. No such evidence was offered by the defendant or the State. The defendant's trial counsel did comment upon certain evidence that had been received upon the trial as to the defendant's character and the circumstances of the offense; the court properly sustained objections to comments of the State's Attorney of matters not in evidence, relating to a prior conviction of the defendant in another State and his addiction to drugs.

■■ The record before us does not substantiate the sentence imposed and we consider this to be a proper case for a reduction of sentence.

We, therefore, modify the sentence imposed, reducing the minimum from five years to two years and reducing the maximum from ten years to six years.

Judgment of conviction affirmed with sentence modified.

G. MORAN, P. J., and CREBS, J., concur.